**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | |
|---|---|
| DEBORAH JOANNE SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV414-167 |
| ) | |
| CHATHAM COUNTY SHERIFF'S ) | |
| DEPARTMENT; ) | |
| SHERIFF AL ST. LAWRENCE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Deborah Joanne Simmon seeks leave to file, without prepayment of the Court's filing fee, this Title VII employment-discrimination case against Sheriff Al St. Lawrence and the Chatham County Sheriff's Department.[1] Doc. 1. She seeks leave to file this case *in forma pauperis* (IFP). *Id.* at 1.

The Court will grant leave to proceed *in forma pauperis* (IFP) if the plaintiff demonstrates that she cannot, because of poverty, afford to pay

---

[1] "Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)." *Bryant v. Dougherty County Sch. Sys.*, 382 F. App'x 914, 916 n. 1 (11th Cir. 2010); *see also Reeves v. DSI Sec. Sers.*, 331 F. App'x 659, 662 (11th Cir. 2009).

the costs of litigation and still provide for herself and any dependents. 28 U.S.C. § 1915(a); *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2007). While a plaintiff need not be absolutely destitute in order to proceed IFP, the fact that financing her own litigation may cause some difficulty is not sufficient to relieve her of her obligation to pay her own way where it is possible for her to do so without undue hardship. *Adkins*, 335 U.S. at 339-340.

Simmons lives alone and is currently employed at a local college making $26,790.40 a year. Doc. 1 at 1-2. She has $300 in the bank. *Id.* at 1. She owns a $118,000 home and two vehicles she values at $4,000. She says she is $79,200 in debt. *Id.* at 2. And, she has no dependents. *Id.* There is no suggestion that Simmons cannot come up with a way to pay the $400 filing fee[2] and put some skin in the game.[3] Thus, her

---

[2] The $400 filing fee consists of the $350.00 statutory fee per 28 U.S.C. § 1914(a), plus the additional $50.00 administrative fee adopted by the Judicial Conference under § 1914(b). *Fanning v. Wegco, Inc.*, ___ F. Supp. 2d ___, 2013 WL 6098404 at * 4 n. 4 (D.D.C. Nov. 21, 2013).

[3] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

IFP motion (doc. 1) should be **DENIED**. *See Wilson v. International Longshoreman Ass'n.*, doc. 3, 2014 WL 47088 at *1 (S.D. Ga. Jan. 3, 2014) (denying IFP because Title VII plaintiff in fact had enough resources to pay the filing fee, which she later did). This, in turn, moots plaintiff's motion for appointment of counsel (doc. 3), so it is **DENIED** without prejudice to her right to renew it should she pay the filing fee.

**SO REPORTED AND RECOMMENDED** this  7th  day of August, 2014.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA